IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ARNITA MINOR, Natural Guardian and Next
Friend of MEARIL DEWAYNE MINOR, a Minor                    PLAINTIFF

vs.                                                         No. 2:05CV252-D-A

CITY OF SENATOBIA; and GARY
RILES, in his Individual Capacity                           DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Defendants' motion for summary judgment. Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*

On the night of June 11, 2004, a large fight broke out on Scottsdale Street in Senatobia, Mississippi. The Defendant Gary Riles, a police officer with the City who was on patrol that night, was dispatched to the fight scene and was the first officer upon the scene. As the large crowd of some sixty to seventy persons began to disperse, Riles observed the Plaintiff Mearil Dewayne Minor walking away from the scene carrying a baseball bat. Riles twice asked Minor for the bat, but Minor refused both times. Riles then approached Minor and reached for the bat; after jerking the bat away from Officer Riles, Minor was then taken to the ground and arrested for disorderly conduct.

On September 14, 2005, the Plaintiff filed the current action pursuant to 42 U.S.C. § 1983 and state law against both the City of Senatobia and against Officer Gary Riles in his individual capacity, asserting claims for, *inter alia*, false arrest/imprisonment, malicious prosecution, and negligent hiring and supervision/retention. The Defendants have now moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## B. *Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Public officials, including police officers, are shielded from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Davis v. Scherer, 468 U.S. 183, 194, 104 S.Ct. 3012, 3019,

82 L. Ed. 2d 139 (1984); Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982); Sappington v. Ulrich, 868 F. Supp. 194, 198 (E.D. Tex. 1994).

In ruling on a defendant's claim of qualified immunity, a court first must determine whether the plaintiff has alleged the violation of a clearly established constitutional right. Siegert v. Gilley, 500 U.S. 226, 230, 111 S.Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). Then, the court must determine whether the official's actions were objectively reasonable under settled law in the circumstances with which he was confronted. Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L. Ed. 2d 589 (1991); Pfannstiel v. Marion, 918 F.2d 1178, 1183 (5th Cir. 1990).

Local governments, such as the City of Senatobia, may be sued for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision-making channels. Monell v. Department of Social Services, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978); see Grabowski v. Jackson County Public Defenders Office, 79 F.3d 478, 479 (5th Cir. 1996) (*en banc*) (holding that municipalities may be held liable for acts which violated a citizen's constitutional rights if the alleged harmful actions resulted from a policy, custom, or practice that evinced objective deliberate indifference to the citizen's constitutional rights).

This "policy or custom" may also be created by those whose "edicts or acts" may fairly be said to represent official policy. Monell, 436 U.S. at 694. But, only those municipal officials who have "final policymaking authority" may, by their edicts or acts, subject the government to §1983 liability. Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298-99, 89 L. Ed. 2d 452 (1986); City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 108 S.Ct. 915, 924, 99 L. Ed. 2d 107 (1988).

## C. Discussion

The Plaintiff has sued both the city of Senatobia and Officer Riles individually. Asserting a claim against a government entity itself requires the plaintiff to make out <u>Monell</u>-type proof of an official policy or custom as the cause of the subject constitutional violation.

### 1. The Plaintiff's Claims against the City

The Plaintiff asserts numerous claims against the City of Senatobia, primarily asserting state law claims that the City negligently hired, supervised and retained Officer Riles, and federal claims that the City is responsible, via respondeat superior, for Officer Riles having arresting the Plaintiff without probable cause.

#### a. State Law Claims

As for the Plaintiff's state law claims against the City, he has failed to proffer any evidence whatsoever in support of his claim. In order to make out a case of negligent hiring or retention, the Plaintiff must establish that (1) Officer Riles had a propensity for violating the constitutional rights of persons; (2) that the City of Senatobia knew or should have known of that propensity; and (3) that the City, in disregard for the rights of those persons with whom Riles could reasonably be expected to come into contact, hired and retained Riles with callous disregard for the rights of such persons. See generally <u>Jones v. Toy</u>, 476 So. 2d 30, 31 (Miss. 1985); <u>Raiola v. Chevron U.S.A., Inc.</u>, 872 So. 2d 79, 86 (Miss. Ct. App. 2004). In order to make out a claim of negligent supervision, the Plaintiff must establish the normal elements of a negligence claim: duty, breach, proximate cause and damages. <u>Miller v. Union Planters Bank, N.A.</u>, No. 2:05CV2144, 2006 WL 3391095, at *6 (S.D. Miss. Nov. 22, 2006).

The court finds that the Plaintiff has simply not offered sufficient evidence to overcome

summary judgment. In fact, the Plaintiff does not even address these claims in her response to the Defendants' motion for summary judgment. As previously noted, "mere allegations or denials" are insufficient to adequately oppose a motion for summary judgment. Fed. R. Civ. P. 56(e). Instead, as previously noted, a party facing a summary judgment motion must "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. The Plaintiff has wholly failed to do so as to these claims. Accordingly, the court finds that the Defendants' motion for summary judgment should be granted as to these claims.

### b. Federal Claims

The Plaintiff also raises federal claims against the City, asserting that it is liable for Officer Riles' allegedly unlawful actions on the night of June 11, 2004. The Plaintiff primarily argues that the City is liable under a theory of respondeat superior for Officer Riles' actions. It is axiomatic, however, that claims brought pursuant to 42 U.S.C. § 1983 may not be advanced under respondeat superior or vicarious liability. Monell, 436 U.S. at 690-91. Instead, as noted above, local governments, such as the City of Senatobia, may only be sued for constitutional deprivations visited pursuant to governmental policy or custom. Monell, 436 U.S. at 690-91; see Grabowski, 79 F.3d at 479. Here, however, the Plaintiff has failed to identify an official policy, practice or procedure relating to the claims at issue; thus, the court finds that the Plaintiff's section 1983 claims against the City fail under Monell and its progeny. Webster v. City of Houston, 735 F.2d 838 (5th Cir. 1984).

Based on the above authorities and the submissions before the court, the court finds that dismissal of the all of the Plaintiff's claims against the City of Senatobia is appropriate; no genuine issue of material fact exists and the Defendants are entitled to judgment as a matter of law.

### 2. The Plaintiff's Individual Claims against Officer Gary Riles

#### a. State Law Claims

The Plaintiff asserts state law claims against Officer Riles for false arrest and malicious prosecution. Both of these claims, however, are barred by the applicable statute of limitations. The Mississippi Supreme Court has held that these claims are both governed by a one year statute of limitations. Miss. Code Ann. § 15-1-35; City of Mound Bayou v. Johnson, 562 So. 2d 1212, 1217-19 (Miss. 1990). An action for false arrest/imprisonment accrues on the date the subject incident occurred; an action for malicious prosecution accrues on the date the subject criminal proceeding is terminated. City of Mound Bayou, 562 So. 2d at 1217. Here, the Plaintiff's claim for false arrest/imprisonment accrued on June 11, 2004, the date of the subject incident; the Plaintiff's claim for malicious prosecution accrued on September 1, 2004, the date the Plaintiff was placed on informal probation by the Youth Court Judge assigned to his case. The Plaintiff did not file suit until September 14, 2005, however, more than one year after the subject causes of action accrued and beyond the expiration of the statute of limitations. Thus, the court finds that these claims are time barred and they shall be dismissed.

#### b. Federal Claims

Public officials, including city police officers, are shielded from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Davis, 468 U.S. at 194; Harlow v. Fitzgerald, 457 U.S. at 818; White v. Walker, 950 F.2d 972, 975 (5th Cir. 1991).

In ruling on a defendant's claim of qualified immunity, the court first must determine whether the plaintiff has alleged the violation of a clearly established constitutional right. Siegert,

500 U.S. at 230. Then, the court must determine whether the officer's actions were objectively reasonable under settled law in the circumstances with which he was confronted. Hunter, 502 U.S. at 227; see Pfannstiel, 918 F.2d at 1183 (5th Cir. 1990)(If "reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity.").

The Plaintiff in the case *sub judice* asserts claims against Officer Riles for violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Assuming, *arguendo*, that the Plaintiff has alleged the violation of a clearly established constitutional right, the court finds that Officer Riles' actions were objectively reasonable in light of clearly established law. As such, he is entitled to qualified immunity and the Plaintiff's claims against him shall be dismissed.

On the night of June 11, 2004, Officer Riles was indisputably faced with a potentially dangerous situation on Scottsdale Street. A large-scale fight had broken out and some sixty or seventy people were gathered in a crowd at the fight scene. Officer Riles was the first police officer on the scene and faced a potentially hostile and dangerous crowd. Because the Plaintiff was carrying a baseball bat, Officer Riles behaved in an objectively reasonable manner in asking the Plaintiff to relinquish the bat in order to help defuse the situation. After the Plaintiff twice refused to give Officer Riles the bat, and then jerked it away once Riles reached for it, Officer Riles' arresting of the Plaintiff was clearly reasonable - the situation on the street was still unsettled and could have erupted further. Further, the Plaintiff was eventually placed on informal probation as a result of the incident. As such, the court finds that Riles' actions in arresting the Plaintiff were objectively reasonable and he is entitled to a grant of qualified immunity. All pending federal claims against him shall be dismissed.

### D. Conclusion

In sum, the Defendants' motion for summary judgment will be granted. The Defendants have shown that there are no genuine issues of material fact and they are entitled to judgment as a matter of law on all of the Plaintiff's claims.

A separate order in accordance with this opinion shall issue this day.

This the 3rd day of April 2007.

/s/ Glen H. Davidson
Chief Judge